Leigh Jesse Quinto
Reg. No. 64874-004
FCC-Yazoo City Medium
P.O. Box 5888
Yazoo City, MS 39194-5888

IN PRO PER

cat/div 2255/510/MIAMI-DADE
Case # 1:06-CR-20319
Judge Ungaro  Mag. White
Motn Ifp  NO   Fee pd $ NO
Receipt # _____

FILED by ___ D.C.
JUL 08 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

LEIGH JESSE QUINTO, §
　§
　Petitioner/Movant, §
　§　CASE NO. 06-20319-CR-UNGARO
v. §
　§
UNITED STATES OF AMERICA, §　CASE NO. 14-22526-CIV-UNGARO/
　§　WHITE
　Respondent. §


MEMORANDUM WITH POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
VACATE, SET-ASIDE OR CORRECT SENTENCE PURSUANT TO 28
U.S.C. § 2255 ¶(f)(3) AND A NEWLY RECOGNIZED RIGHT

COMES NOW, Petitioner/Movant, Leigh Jesse Quinto, acting in pro per (pro se), respectfully submits this Memorandum With Points and Authorities in Support of Motion To Vacate, Set-Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 ¶(f)(3) and a NEWLY RECOGNIZED RIGHT. Petitioner further prays that this Court construe this pleading liberally in light of **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), holding that, "pro se litigants are to be held to a lesser standard of review than lawyers who are formerly trained in the law, and are entitled to a liberal construction of their pleadings."

STATEMENT OF FACTS

1) Petitioner is currently incarcerated at the FCC-Yazoo City Medium Facility in Yazoo City, Mississippi. On February 9, 2007,

Petitioner was sentenced to a 240 month term of imprisonment. Petitioner was found guilty at trial for Possession With Intent To Distribute 10.5 Grams or More of Cocaine, in violation of 21 U.S.C. § 841.

At sentencing, Petitioner's Drug Amount was increased based on Judge Found Facts and Petitioner's Base Offense Level was enhanced based on Leader/Organizer and a Career Offender enhancement pursuant to § 4B1.1. Petitioner started at a Base Offense Level of 12, Criminal History Category IV, which would have been a sentencing range of 21 to 27 months. Petitioner was enhanced to 240 months based on recommendations of the Probation's PreSentence Report. Petitioner APPEALED his Sentence and preserved the right of an unconstitutional and/or illegal sentence based on **Apprendi**, **Booker**, **Blakely** and **Cunningham**.

Petitioner is aware that there are numerous debates in Congress regarding Prison Reform, including the President of the United States, President Obama's comment of an "unjust" and "unfair" system, in that, by November 1, 2014 a Minus Two Amendment goes into effect, which would GRANT Petitioner a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2).

## SUMMARY OF THE ARGUMENT

In light of **Alleyne v. U.S.**, 570 U.S. ____, (June 17, 2013), the Supreme Court held that any fact that increases a statutory minimum sentence must be alleged in the Indictment and proven to a jury beyond a reasonable doubt. The ruling applies to Petitioner's sentence due to Judge found facts where not only the drug amounts attributed to Petitioner's Indictment were enhanced, but Petitioner was enhanced under § 4B1.1 as a career offender.

## ARGUMENT

I. Petitioner's Sixth Amendment Right To Have A Jury Determine ANY Fact That Increased His Sentence Was VIOLATED When Petitioner's Sentence Was Increased By A Greater Drug Quantity and a Career Offeder Enhancement Was Used To Enhance Said Sentence By The Honorable Judge Presiding Rather Than By A Jury Beyond A Reasonable Doubt -

The Sixth Amendment provides that those "accused" of a crime have the right to a trial "by an impartial jury." This RIGHT, in conjunction with DUE PROCESS, requires that each element of a crime be proved to a jury beyond a reasonable doubt. [In **Re Winship**, 397 U.S. 358 (1970)]. The substance and scope of this right depends upon the proper designation of the facts that are elements of the offense. In **Alleyne**, the Supreme Court dropped a big bombshell on State and Federal Sentencing Regimes, by holding that any facts that increase the prescribed range of penalties to which a defendant is exposed, are elements of the offense. **Alleyne** concluded that, "any fact that, by law, increases the penalty of an offense is an element that must be alleged on the Indictment and therefore must be submitted to the jury and found beyond a reasonable doubt." [See **Alleyne**, 11 S.Ct. at 2155 (citation omitted)]. In **Alleyne**, it announced a new substantive rule. First, and most importantly, **Alleyne** overruled **Harris v. U.S.**, 536 U.S.

- 3 -

545, 552 (2002)("we must first answer a threshold question of statutory interpretation")(see also Ashwander v. TVA, 297 U.S. 288, 346-47 (1936)(articulating principles that cases should be decide on statutory grounds before reaching constitutional question)]. With that said, the Alleyne Court transformed a "Sentencing Factor" which could be found by the judge and proved by a preponderance of the evidence, in an "element of the offense," which then must be submitted to a jury and proven beyond a reasonable doubt.

The touchstone for determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact constitutes an "element" or "ingredient" of the offense. In Apprendi v. New Jersey, 530 U.S. 466, 477 (2000), the Supreme Court held that a fact is by definition an element of the offense and must be submitted to the jury if it increases the punishment above what is otherwise legally prescribed. [530 U.S. at 483, n.10, 120 S.Ct. 2348, 147 L.Ed.2d 435] Apprendi's definition of "elements" necessarily includes not only facts that increase the ceiling, but also those facts that increase the floor. Both kinds of facts alter the prescribed range of sentences to which a defendant is exposed and do so in a manner that aggravates the punishment. [530 U.S. at 483, n.10, 120 S.Ct. 2348, 147 L.Ed.2d 435; Harris, supra at 579, 122 S.Ct. 2406, 153 L.Ed.2d 524]. Facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt.

In Petitioner's case, the Statutory Maximum Level was raised when the Honorable Judge presiding raised additional facts not determined by a jury. Petitioner was charged in his Indictment for 5 Kilograms or More of Cocaine. At sentencing, Petitioner was enhanced to a

Base Offense Level of 34 where Probation had ascribed Petitioner's conspiratorial conduct, which was at least 15 Kilograms of Cocaine but less than 50 Kilograms of Cocaine, yielding a Base Offense Level of 34.

The Base Offense Level charged in Petitioner's Indictment, in which Petitioner was found guilty of, was a Base Offense Level 12, Criminal History Category IV, which would have resulted in a sentencing range of 21 to 27 months. Petitioner's sentenced was enhanced using Judge Found Facts to increase Petitioner's drug amounts and a Career Offender Enhancement, pursuant to § 4B1.1. Petitioner submits that in light of **Alleyne** and the statutory interpretation of 21 U.S.C. § 851(a)(2) and a Career Offender Enhancement, where unless Petitioner is put on notice by Indictment for the aggravating and/or prior offenses, or submitted to the jury that w3ill increase Petitioner's sentence in excess of three years, the government is barred by this subsection from filing such enhancements and the Court is without subject matter jurisdiction to impose or entertain such enhancements. THEREFORE, the Judge violated Petitioner's Sixth Amendment, as the Supreme Court has held, when Petitioner's sentence under § 4B1.1 and certain drug amounts were determined by the Judge's preponderance of the evidence. [See **U.S. v. Fan-Fan**, 04-105; see also **Alleyne**]. The additional findings illegally and/or unconstitutionally enhanced/increased Petitioner's "statutory maximum" (floor and ceiling) from 21 to 27 months to 210 to 262 months.

The increase in Petitioner's sentence was a result of enhancements not reflected by the jury verdict and were not on Petitioner's original Indictment. **Alleyne** was not dictated by precedent and clearly imposes new obligations on the government to prove certain facts to a jury beyond a reasonable doubt, when prior to **Alleyne**, it need only to prove such facts to a judge by a preponderance of the evidence. That is sub-

- 5 -

stantive because it defines Petitioner's RIGHTS (here, a jury determination that he is guilty of every element of the offense with which he was charged by Indictment, inlcuding the drug amounts used to enhance Petitioner's sentence and the Career Offender enhancement, beyond a reasonable doubt), not the necessary steps a court must take to PRESERVE these RIGHTS.

The reasonable doubt standard is a "bedrock procedural element essential to the fairness of a criminal proceeding." [In Re Winship, supra]. So, if Alleyne, an extension of Apprendi clearly altered our understanding of this "bedrock procedural element" by requiring that it be applied to certain facts previously subjected to a preponderance of the evidence standard only, then, as Justice O'Connor noted in the Supreme Court, "the decision will surely be remembered as a watershed change in constitutional law. [Apprendi, 120 S.Ct. at 2380].

## DUE PROCESS

The substantive nature of the Alleyne's Rule is perhaps most readily apparent in the contrast of DUE PROCESS. In Flores v. White, 531 U.S. 225, 228-29 (2001), the Supreme Court recognized the "simple inevitable conclusion" that it violates DUE PROCESS to refuse a defendant the benefit of a clarifying interpretation of the law in effect at the time of defendant's conviction, even if the judicial clarification did not occur until well after the defendant's conviction was final. Moreover, the Court reconfirmed that, when a later judicial decision interpreting a statute's element (like the Alleyne decision), does not amount to an outright change in the law, but stands instead as a correct statement of substantive law as of the time a defendant's conviction became final. THEREFORE, POST-CONVICTION RELIEF is REQUIRED without regard to RETROACTIVITY. [See Barkley v. Florida, 123 S.Ct. 2020 (2007)].

## THE PROCEDURAL ASPECT OF APPRENDI/ALLEYNE

Because the foundation of <u>Alleyne's</u> NEW RULE rests on both the <u>Apprendi</u> DUE PROCESS doctrine and the <u>IN RE WINSHIP'S</u> Sixth Amendment Right To A Jury Trial with respective beyond a reasonable doubt proof standards, RETROACTIVELY should present NO PROBLEM. Because the procedural aspect of <u>Apprendi/Alleyne</u> obviously did not originate from <u>Apprendi</u> or <u>Alleyne</u>, it has been imbedded in the American Constitutional Law for more than two hundred years. [See <u>Apprendi</u>, 530 U.S. at 477-78 (citing <u>Cofin v. U.S.</u>, 156 U.S. 432 (1895)].

Thus, because the procedural aspect of <u>Apprendi/Alleyne</u> are not NEW, the NEW RULE in <u>Alleyne</u> should apply retroactively on Collateral Review. That is, based on the foregoing legal principles, a court can and properly should, find <u>Alleyne</u> RETROACTIVELY applicable on Collateral Review as both a change in substantive law and as a NEW RULE of Criminal Procedure Law. The procedural aspect of this RULE, the very element of an offense must be submitted to the **jury and proven beyond** reasonable doubt under <u>In Re Winship</u>, which **has already been give** complete retroactive effect.

Assuming arguendo that Petitioner must show that the Supreme Court has already made the procedural aspect of <u>Alleyne</u> retroactive, the illustration here is clear. In <u>Tyler v. Cain</u>, 533 U.S. 566 (2001), the Court held, "that multiple holdings of the Court, taken together, 'necessarily dictates' retroactivity of the NEW RULE." "If we hold in case 1) that a particular type of rule applies retroactively to cases on collateral review and hold in case 2) that a given rule is of that particular type. Then it necessarily follows that the given rule applies also to cases on collateral review." [<u>Id</u>. at 688]. "The matter is one of logic and simple basic understanding." If case 1) holds that all men are mortal and case 2) holds that Socrates is a man, we do not

- 7 -

need case 3) to hold or figure out that Socrates is mortal." [<u>Id</u>. at 676-78].

Using the same logic from <u>Tyler</u>, in case 1), <u>Ivan v. City of New York</u>, 407 U.S. 203 (1972), in a per curium opinion expressing the unanimous view of the Court, it was held that the <u>In Re Winship</u> RULE should be given complete retroactive effect. The Court in <u>In Re Winship</u>, 397 U.S. 358 (1970), expressly held that DUE PROCESS CLAUSE protects the accused against a convictio, except upon proof beyond a reasonable doubt of every fact necessary to constitute the offense with which defendant was charged by Indictment.

THEREFORE, Petitioner respectfully submits that the Court VIOLATED the <u>ALLEYNE</u> RULE, when it not only enhanced Petitioner's drug quantity, but also enhanced Petitioner's Base Offense Level using a Career Offender Statute, which was all not included in the Indictment and nor was it returned by the Grand Jury, nor were the enhancements submitted to a jury and found beyond a reasonable doubt, thus violating Petitioner's Sixth Amendment as dictated by the Supreme Court's RULING in <u>Alleyne</u>.

## RELIEF SOUGHT

THEREFORE, based on the foregoing, Petitioner respectfully requests that this COURT VACATE Sentence/Judgment and REMAND back for RESENTENCING based on the NEW SUBSTANTIVE RULING in <u>Alleyne</u> in the Supreme Court and GRANT Petitioner RELIEF and any other RELIEF this Court deems just and proper.

RESPECTFULLY SUBMITTED on this 16th day of June, 2014.

                                          Leigh Jesse Quinto
                                          Petitioner/Movant
                                          IN PRO PER/AFFIANT

# CERTIFICATE OF SERVICE

I, ___Leigh Jesse Quinto___, hereby certify that I have served a true and correct copy of the following:

§ 2255 ¶(f)(3) PETITION

This ACTION is deemed filed at the time it was delivered to prison authorities for forwarding, [See *Houston v. Lack*, 101 L.Ed.2d 245 (1988)], upon the defendant(s) or plaintiff(s) and/or their attorney(s) of record, by placing said MOTION/PETITION(s) in a sealed, postage prepaid envelope addressed to:

```
United States District Court
Southern District of Florida
U.S. Courthouse
Clerk of the Court
400 North Miami Avenue
Miami, FL 33128
```

This LEGAL ACTION was deposited in the United States Mail at the Federal Correctional Institution Facility which is located at FCI-Yazoo City Medium, P.O. Box 5888, Yazoo City, MS 39194-5888.

I declare, under penalty of perjury, that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

EXECUTED and SIGNED on this __17__ day of ___June___, 2014.

*/s/ Leigh Jesse Quinto*
Leigh Jesse Quinto
Petitioner/Propria Persona
Reg. No. 64874-004
FCI-Yazoo City Medium
P.O. Box 5888
Yazoo City, MS 39194-5888



